Scanned

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INTERGRAPH HARDWARE,<br>TECHNOLOGIES COMPANY, INC.<br><br>Plaintiff,<br><br>v.<br><br>TEXAS INSTRUMENTS<br>INCORPORATED,<br><br>Defendant, | CIVIL ACTION NO. 2-03CV-034<br><br>JURY TRIAL DEMANDED |

### TEXAS INSTRUMENTS INCORPORATED'S ANSWER AND COUNTERCLAIMS TO INTERGRAPH HARDWARE TECHNOLOGIES COMPANY, INC.'S COMPLAINT FOR PATENT INFRINGEMENT

Through the undersigned counsel, Defendant Texas Instruments Incorporated ("TI") submits its Answer to the Complaint For Patent Infringement ("Complaint") of Plaintiff Intergraph Hardware Technologies Company, Inc. ("Intergraph"), and also submits its Counterclaims, as set forth below. The Answer paragraphs are numbered to correspond to the numbered paragraphs of Intergraph's Complaint. Except as expressly admitted below, TI denies the allegations and characterizations in Intergraph's Complaint.

### THE PARTIES

1.  TI is without knowledge or information sufficient to form a belief as to whether the allegations of paragraph 1 of the Complaint are true.

2.  TI admits the allegations in paragraph 2 of the Complaint.



TEXAS INSTRUMENTS INCORPORATED'S ANSWER AND COUNTERCLAIMS TO
INTERGRAPH HARDWARE TECHNOLOGIES COMPANY, INC.'S COMPLAINT FOR
PATENT INFRINGEMENT – Page 1

## JURISDICTION AND VENUE

3. With respect to the allegations in paragraph 3 of the Complaint, TI admits that this Court has jurisdiction over the subject matter of Intergraph's Complaint. TI further admits that venue lies in the Eastern District of Texas. TI denies that it has committed acts of infringement in this District and denies that it continues to commit acts of infringement in this District. TI further denies that Intergraph is entitled to relief.

## DENIAL OF INFRINGEMENT OF U.S. PATENT NO. 5,560,028

4. With respect to the allegations in paragraph 4 of the Complaint, TI admits that United States Patent No. 5,560,028 ("the '028 patent") was issued on September 24, 1996 with Intergraph Corporation listed as the Assignee. TI further admits that a copy of the '028 patent was attached to the Complaint as an exhibit. With respect to the remaining allegations of paragraph 4 of the Complaint, TI is without knowledge or information sufficient to form a belief as to whether the remaining allegations are true.

5. TI denies the allegations and characterizations of paragraph 5 of the Complaint.

6. TI denies the allegations and characterizations of paragraph 6 of the Complaint.

7. TI denies the allegations and characterizations of paragraph 7 of the Complaint.

## DENIAL OF INFRINGEMENT OF U.S. PATENT 5,794,003

8. With respect to the allegations in paragraph 8 of the Complaint, TI admits that United States Patent No. 5,794,003 ("the '003 patent") was issued on August 11, 1998 with Intergraph Corporation listed as the Assignee. TI further admits that a copy of the '003 patent was attached to the Complaint as an exhibit. With respect to the remaining allegations of

paragraph 8 of the Complaint, TI is without knowledge or information sufficient to form a belief as to whether the remaining allegations are true.

9. TI denies the allegations and characterizations of paragraph 9 of the Complaint.

10. TI denies the allegations and characterizations of paragraph 10 of the Complaint.

11. TI denies the allegations and characterizations of paragraph 11 of the Complaint.

### DENIAL OF INFRINGEMENT OF U.S. PATENT 6,360,313 B1

12. With respect to the allegations in paragraph 12 of the Complaint, TI admits that United States Patent No. 6,360,313 B1 ("the '313 patent") was issued on March 19, 2002 with Intergraph Corporation listed as the Assignee. TI further admits that a copy of the '313 Patent was attached to the Complaint as an exhibit. With respect to the remaining allegations of paragraph 12 of the Complaint, TI is without knowledge or information sufficient to form a belief as to whether the remaining allegations are true.

13. TI denies the allegations and characterizations of paragraph 13 of the Complaint.

14. TI denies the allegations and characterizations of paragraph 14 of the Complaint.

15. TI denies the allegations and characterizations of paragraph 15 of the Complaint.

### RESPONSE TO INTERGRAPH'S PRAYER FOR RELIEF

16. The final paragraph of the Complaint contains a prayer for relief to which no responsive pleading is required. To the extent a response is deemed necessary, TI denies that Intergraph is entitled to any relief.

17. To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, TI denies them.

### AFFIRMATIVE AND OTHER DEFENSES

TI additionally asserts the following:

1. The Complaint and each claim contained therein fails to state a claim upon which relief may here be granted.

2. The relief Intergraph seeks in its Complaint is barred by unclean hands, laches, waiver, and/or estoppel.

3. The '028 patent, the '003 patent, and the '313 patent are invalid for failure to satisfy one or more of the requirements set forth in 35 U.S.C. §§ 100, *et seq.*, including one or more of the following: 35 U.S.C. §§ 101, 102, 103, and 112.

4. TI does not infringe, and has not directly or indirectly infringed, any claim of the '028 patent, the '003 patent, or the '313 patent.

5. Intergraph is estopped from maintaining any construction of the '028 patent, the '003 patent, or the '313 patent that would cover TI's products.

6. The '028 patent, the '003 patent, and the '313 patent are unenforceable by reason of having been procured through inequitable conduct. Particularly, material references were knowingly withheld from the United States Patent and Trademark Office (USPTO) during prosecution of one or more of the patents, including but not necessarily limited to documents and information describing Multiflow's Trace products, IBM SCISM, and U.S. Patent No. 5,377,339. Additionally, the applicants are guilty of other deceptions and misrepresentations before the USPTO during prosecution of the patents that resulted in the applicants being issued claims broader in scope than to which they were legally entitled. In particular, during prosecution of the '003 patent, the applicant narrowed claims 1, 3, 6, and 8-10 (by changing the phrase "associated with" to "embedded therein") in order to overcome the prior art. *See* Amendment of Jan. 24, 1996 at 1-12. Months later, once the references had been successfully traversed on the basis of

the applicant's narrowing of the claims, the applicant quietly amended claim 3 back to its broader form and added several new claims with the broader term. *See* Amendment of Nov. 22, 1996 at 3; Amendment of May 15, 1997 at 9, 12. On another occasion, the applicant told the examiner that, in order to overcome the prior art, the applicant changed the term "very long instruction word" to "super-scaler" throughout the claims. *See* Amendment of Nov. 22, 1996 at 1-15. The applicant included with his amendment an Appendix that ostensibly presented the complete claims as amended. *Id.* at 1. However, not all of the reported amendments had been included in this Appendix. *Id.* at 18 (claims 10, 11). The omitted amendments persisted through to the issued claims, making them broader in scope than to which the applicant was legally entitled. Further, the inequitable conduct during prosecution of the '003 patent infects the '313 patent as well.

7.  TI reserves the right to maintain after further investigation that the '028 patent, the '003 patent, and the '313 patent are invalid and/or unenforceable for any other reason(s).

WHEREFORE, having responded to the allegations of the Complaint, TI denies that Intergraph is entitled to any of the relief sought in its Prayer For Relief, requests that the Court enter judgment in TI's favor on the allegations in the Complaint and dismiss the Complaint with prejudice, award TI its attorney fees and costs; and award TI such other and further relief, at law or in equity, to which TI is justly entitled to receive.

## COUNTERCLAIMS

For its counterclaims against Intergraph, TI asserts:

1. Counterclaim plaintiff Texas Instruments Incorporated ("TI") is a corporation incorporated under the laws of the State of Delaware, and has its principal place of business at 12500 TI Boulevard, Dallas, Texas 75243-4136.

2. Counterclaim defendant Intergraph Hardware Technologies, Inc. ("Intergraph"), upon information and belief, is a corporation incorporated under the laws of the State of Nevada, and has its principal place of business at 2325-B Renaissance Drive, Suite 16, Las Vegas, Nevada 89119.

3. Intergraph claims to be the assignee of, and claims to hold all rights and interest in, U.S. Patent Nos. 5,560,028, ("the '028 patent"), 5,794,003 ("the '003 patent"), and 6,360,313 B1 ("the '313 patent").

4. The Complaint and attendant publicity have established a justiciable controversy between TI and Intergraph over the validity, enforceability, and infringement of the '028 patent, the '003 patent, and the '313 patent.

5. This Counterclaim arises under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under 35 U.S.C. §§ 100, *et seq.*, and 28 U.S.C. §§ 1331, 1338, 2201 and 2202 for a declaratory judgment of patent invalidity,

noninfringement and unenforceability. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## I. DECLARATION OF NONINFRINGEMENT

6. TI incorporates herein by reference the allegations of paragraphs 1-5 of the Counterclaim inclusive, as if fully set forth.

7. TI has not infringed, contributed to, or induced the infringement of, any of the '028 patent, the '003 patent, or the '313 patent.

8. TI is entitled to a declaratory judgment that the manufacture, use, sale, offer for sale and importation of its accused products are not infringements, either directly, contributorily, or by inducement, of any claim of the '028 patent, the '003 patent, or the '313 patent, either literally or under the doctrine of equivalents.

## II. DECLARATION OF INVALIDITY

9. TI incorporates herein by reference the allegations of paragraphs 1-8 of the Counterclaim inclusive, as if fully set forth.

10. The '028 patent, the '003 patent, and the '313 patent are invalid for failure to satisfy one or more of the requirements set forth in 35 U.S.C. §§ 100, *et seq.*, including one or more of the following: 35 U.S.C. §§ 101, 102, 103, and 112.

11. TI is entitled to a declaratory judgment that the '028 patent, the '003 patent, and the '313 patent are invalid.

## III. DECLARATION OF UNENFORCEABILITY

12. TI incorporates herein by reference the allegations of paragraphs 1-11 of the Counterclaim inclusive, as if fully set forth.

13. Enforcement of the '028 patent, the '003 patent, and the '313 patent is barred by one or more of the following: unclean hands, laches, waiver, and/or estoppel.

14. In addition, the '028 patent, the '003 patent, and the '313 patent are unenforceable by reason of having been procured through inequitable conduct. Particularly, material references were knowingly withheld from the United States Patent and Trademark Office (USPTO) during prosecution of one or more of the patents, including but not necessarily limited to documents and information describing Multiflow's Trace products, IBM SCISM, and U.S. Patent No. 5,377,339. Additionally, the applicants are guilty of other deceptions and misrepresentations before the USPTO during prosecution of the patents that resulted in the applicants being issued claims broader in scope than to which they were legally entitled. In particular, during prosecution of the '003 patent, the applicant narrowed claims 1, 3, 6, and 8-10 (by changing the phrase "associated with" to "embedded therein") in order to overcome the prior art. *See* Amendment of Jan. 24, 1996 at 1-12. Months later, once the references had been successfully traversed on the basis of the applicant's narrowing of the claims, the applicant quietly amended claim 3 back to its broader form and added several new claims with the broader term. *See* Amendment of Nov. 22, 1996 at 3; Amendment of May 15, 1997 at 9, 12. On another occasion, the applicant told the examiner that, in order to overcome the prior art, the applicant changed the term "very long instruction word" to "super-scaler" throughout the claims. *See* Amendment of Nov. 22, 1996 at 1-15. The applicant included with his amendment an Appendix that ostensibly presented the complete claims as amended. *Id.* at 1. However, not all of the reported amendments had been included in this Appendix. *Id.* at 18 (claims 10, 11). The omitted amendments persisted through to the issued claims, making them broader in scope than to which the applicant was legally entitled. Further, the inequitable conduct during prosecution of the '003 patent infects the '313 patent as well.

15. TI is entitled to a declaratory judgment that the '028 patent, the '003 patent, and the '313 patent cannot be enforced against TI.

### PRAYER FOR RELIEF

**TEXAS INSTRUMENTS INCORPORATED'S ANSWER AND COUNTERCLAIMS TO INTERGRAPH HARDWARE TECHNOLOGIES COMPANY, INC.'S COMPLAINT FOR PATENT INFRINGEMENT – Page 8**

WHEREFORE, TI respectfully requests a judgment of the Court against Intergraph as follows:

    (a) A declaration that TI's products do not infringe the '028 patent;

    (b) A declaration that TI's products do not infringe the '003 patent;

    (c) A declaration that TI's products do not infringe the '313 patent;

    (d) A declaration that the '028 patent is invalid;

    (e) A declaration that the '003 patent is invalid;

    (f) A declaration that the '313 patent is invalid;

    (g) A declaration that the '028 patent, the '003 patent, the '313 patent, and all other patents that claim priority to Application Nos. 147,797 or 147,800, directly or indirectly, are unenforceable;

    (h) Enjoin Intergraph from making assertions that TI's customers infringe Intergraph's patents based upon incorporation or use of TI's products;

    (i) Dismissal of the Complaint with prejudice;

    (j) An award of attorney fees and costs; and

Such other and further relief as the court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

TI demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: March 24, 2003

Respectfully submitted,

By: _____
Thomas. M. Melsheimer
Texas State Bar No. 13922550
Thomas B. Walsh, IV
Texas Bar No. 00785173
Neil J. McNabnay
Texas Bar No. 24002583
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

Carl Roth
Texas Bar No. 17312000
**THE ROTH LAW FIRM**
115 North Wellington, Suite 200
Marshall, TX 75670
(903) 935-1665 (Telephone)
(903) 935-1797 (Facsimile)

Glenn Perry
Texas Bar No. 15801500
**PERRY & WOMACK**
P.O. Box 3266
Longview, Texas 75606
903/757-9191 (Telephone)
903/758-3239 (Facsimile)

Nick Patton
Texas Bar No. 15631000
**PATTON & TIDWELL, LLP**
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
(903) 792-7080 (Telephone)
(903) 792-8233 (Facsimile)

**ATTORNEYS FOR DEFENDANT
TEXAS INSTRUMENTS INCORPORATED**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served, via certified mail, return receipt requested, upon all counsel of record, as identified below, on March 24, 2003:

Franklin Jones Jr.
Jones and Jones, Inc., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas 75671-1249

Otis W. Carroll
Ireland Carroll and Kelley, P.C.
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711

S. Calvin Capshaw
Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, TX 75601-5157

George M. Schwab
K.T. Cherian
R. Scott Wales
April E. Abele
Gregory S. Bishop
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111

David Vance Lucas
Intergraph Corporation
Mail Stop IW2008
Huntsville, AL 35894-0001

_____
[signature]

90035914.doc

**TEXAS INSTRUMENTS INCORPORATED'S ANSWER AND COUNTERCLAIMS TO INTERGRAPH HARDWARE TECHNOLOGIES COMPANY, INC.'S COMPLAINT FOR PATENT INFRINGEMENT – Page 11**